```
 1                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
 2      _____

 3      United States of America,    )  Criminal
                                     )  No. 1:21-mj-00320-RMM-1
 4                      Plaintiff,   )
                                     )  Initial Appearance
 5      vs.                          )
                                     )
 6      William Tryon,               )  Washington, D.C.
                                     )  May 6, 2021
 7                      Defendant.   )  Time:  1:43 p.m.
        _____
 8
                     Transcript of Initial Appearance
 9                           Held Before
            The Honorable Magistrate Judge Robin M. Meriweather
10                    United States Magistrate Judge
        _____
11
                        A P P E A R A N C E S
12
        For the Plaintiff:      Jacob Steiner
13                              UNITED STATES ATTORNEY'S OFFICE
                                FOR THE DISTRICT OF COLUMBIA
14                              555 Fourth Street, Northwest
                                Washington, D.C. 20530
15
        For the Defendant:      Joel Abelove
16
        Also Present:           Masharia Holman, Pretrial Services
17                              Agent

18      Proceedings reported by FTR Gold Electronic Recording Software.
        _____
19
        Transcribing Stenographic Court Reporter:
20                              Nancy J. Meyer
                                Registered Diplomate Reporter
21                              Certified Realtime Reporter
                                United States Courthouse, Room 6509
22                              333 Constitution Avenue, Northwest
                                Washington, D.C. 20001
23                              202-354-3118

24

25
```

1                     P R O C E E D I N G S

2          THE COURTROOM DEPUTY:  This Honorable Court is now in

3     session.  Magistrate Judge Robin M. Meriweather presiding.

4          Magistrate Case No. 2021-320M, the United States of

5     America v. William Tryon.  Jacob Steiner standing in for

6     Anita Eve as government counsel.  Joel Abelove is defense

7     counsel.  Shay Holman is the pretrial services officer.  The

8     defendant is participating by video.  This case is called for

9     an initial appearance.

10          Magistrate Case No. 2021-375M, the United States of

11     America v. Anthony Alexander Antonio.  Jacob Steiner standing

12     in for Kimberley Nielsen as government counsel.  Joseph Hurley

13     is defense counsel.  Shay Holman is the pretrial services

14     officer.  The defendant is participating by video.  This case

15     is called for an initial appearances.

16          Magistrate Case No. 2021-377M, the United States of

17     America v. Esther Schwemmer.  Jacob Steiner standing in for

18     Anita Eve as government counsel.  Carmen Hernandez is defense

19     counsel.  Shay Holman is the pretrial services officer.  The

20     defendant is appearing by video.  This case is called for an

21     initial appearance.

22          Magistrate Case No. 2021-378M, the United States of

23     America v. Jennifer Ruth Parks.  Jacob Steiner standing in for

24     Anita Eve as government counsel.  Maria Jacob is defense

25     counsel.  Shay Holman is the pretrial services officer.  The

1    defendant is appearing by video.  This case is called for an

2    initial appearance.

3           Magistrate Case No. 2021-406M, the United States of

4    America v. Elijah Yazdani.  Jacob Steiner standing in for

5    Brittany Reed as government counsel.  Richard Stern is defense

6    counsel.  Shay Holman is the pretrial services officer.  The

7    defendant is participating by video.  This case is called for

8    an initial appearance.

9           Magistrate Case No. 2021-403M, the United States of

10   America v. Landon Kenneth Copeland.  Michael Romano

11   representing the government.  Heather Shaner is defense

12   counsel.  Also should Ms. Shaner need to disconnect for another

13   hearing Maria Jacob will stand in for her.  The defendant is

14   appearing by telephone.  The pretrial services officer is Shay

15   Holman.  This case is scheduled for an initial appearance.

16          Those are all the cases, Your Honor.

17          (REPORTER'S NOTE:  The following proceedings

18   transpired and were included in the transcript in the case of

19   United States of America v. Landon Kenneth Copeland, Criminal

20   Action No. 1:21-mj-403.  The following was transcribed by court

21   reporter Lorraine Herman.)

22          THE COURT:  Okay.  Thank you.  I was just about to

23   ask you to confirm that since we have several.  Good

24   afternoon, everyone.  I am Magistrate Judge Meriweather.  We

25   just are calling all of the cases together.

1    In this portion I am going to go over some things

2   that apply more generally to the cases so that we don't need

3   to repeat the same general advisements for each case.  After

4   we cover the generally applicable information in this joint

5   session, my courtroom deputy will recall your cases one by

6   one.

7    When we recall your individual case, at that time

8   I will set release conditions, set a next court date,

9   appoint counsel, if you need counsel appointed, and I can

10   also, if there are other issues that need to be addressed in

11   your particular case that we didn't cover in the joint

12   session, I will do that as well.

13    I will note that my review of the record before we

14   started these hearings indicates that the arresting

15   jurisdictions had at those initial appearances, that they

16   would have covered the Rule 5 information, such as advising

17   the Defendants of their charges and of their rights.  So I

18   don't plan to repeat that when I recall your case, but if

19   any defense counsel believes that your client was not given

20   all of the advisements as needed in the arresting

21   jurisdiction, just let me know when we recall the case.  I do

22   have the information.  I can do it if necessary.

23    Just a few logistics.  First, for defense counsel,

24   when your case is recalled at the outset, when I ask you to

25   make your appearance or if you do so on your own, please

1    state your name, who you represent, whether your client is

2    present, whether your client waives the right to have an

3    in-person hearing and is agreeing to proceed by video due to

4    the COVID-19 pandemic, whether you are retained or seeking

5    appointment as counsel.  If you are seeking appointment,

6    please note whether there is a financial affidavit or if you

7    would like me to do an inquiry on the record as to your

8    client's eligibility for Court-appointed counsel.  Also for

9    retained or appointed or counsel who are from outside of

10   this jurisdiction or not yet members of the bar of this

11   court.

12         First, I am allowing people in that position, who

13   are not yet admitted to this court, to appear for today's

14   hearing as opposed to being required to speak through a

15   federal public defender today.  But I do remind you to

16   complete any paperwork that you need to complete so that you

17   can be promptly admitted to this court and so that you can

18   enter your appearance.

19         Also, if you are not in a position where you can

20   enter your appearance due to our status being outside pro

21   hac vice, etcetera, please send an email to my criminal

22   email box and that is meriweather_criminal@dcd.uscourts.gov.

23   Send that email with your name, your client's name and the

24   case number and contact information, we can make sure that

25   we copy you on anything that we send, such as the release

1    orders issued in today's hearing.

2         A general advisement to the Government, pursuant

3    to federal criminal procedure (5)(f) the Government must

4    produce all exculpatory evidence to the Defendants pursuant to

5    *Brady v. Maryland* and its progeny.  A failure to do so in

6    a timely manner could lead to sanctions, including the

7    exclusion of evidence, adverse jury instructions, the

8    dismissal of charges or contempt proceedings.

9         A few things for Defendants.  First, Defendants,

10   if your most serious offense is a Class A misdemeanor, and

11   your attorney will confirm to you if that's the case, you

12   have the right to have a jury trial, bench trial, judgment

13   and sentencing before a United States district judge, unless

14   you consent to proceed before a United States Magistrate

15   Judge.  In either scenario, the judge will be randomly

16   assigned to your case.

17        Also, I anticipate that the Government will be

18   seeking release on certain conditions for the Defendants in

19   these cases.  I will hear any objections that your counsel

20   has to those conditions when I recall your individual case.

21   At that time I will set your release conditions.  Those

22   conditions may be different from the conditions that the

23   Court where you were arrested set.  It is up to defense

24   counsel to ensure that the arresting jurisdiction, if it

25   imposed some different conditions, closes those out.  Once

1    our conditions go into effect, we will send you the release

2    order.  It is my understanding that sending that other

3    jurisdiction the release order is typically sufficient if

4    they haven't already closed the case pending in the court

5    under which the release conditions were set.  We will send out

6    the release paperwork as soon as I sign it.  I typically

7    sign it and get it out the day after the hearing.  I

8    anticipate you will get these sometime tomorrow afternoon or

9    evening.

10        Also, when I call your case, I am going to ask the

11    United States what type of conditions of release they are

12    seeking or if they are seeking detention.  There are certain

13    conditions that have been requested and applied to a number

14    of Defendants who are charged with similar offenses to you.

15    We have been generally referring to them in shorthand as the

16    standard conditions.  I would ask that counsel and

17    Defendants listen closely.  I am going to ask the

18    prosecutor, Mr. Steiner, to list what those standard

19    conditions are.  When I recall your case, I will ask if he

20    is seeking the standard conditions of your case or the

21    standard conditions plus some additional conditions in your

22    case.  So it is important that everyone understands what the

23    baseline conditions are.  If there are any questions, I can

24    deal with them when we set conditions in your case.

25        With that preface, Mr. Steiner, could you please give an

1    overview of the standard conditions?

2              MR. STEINER:  Yes, Your Honor.

3              (Tapping on the call.)

4         The standard conditions that will serve as a

5    baseline for all of the Defendants today include that the

6    Defendant stays away from the District of Columbia, unless

7    for court, pre-trial appointments or consultations with

8    their attorney; that the Defendant reports to pre-trial

9    services from their home jurisdiction as directed; and that

10   the defendant verifies their address, if they haven't

11   already done so; that the defendant notifies pre-trial

12   services in advance of any travel within the United States

13   that is outside of their home federal court jurisdiction; that

14   the --

15             MR. COPELAND:  I have some questions about -- I

16   have some questions about the pre-trial confinement stuff.  I

17   am Kenneth Copeland, by the way.

18             MR. STOUT:  That is Mr. Copeland talking.  Mr.

19   Copeland --

20             MR. COPELAND:  At what point am I a free

21   individual versus pre-trial confined individual?

22             COURTROOM DEPUTY:  Mr. Copeland.  This is Kimberly

23   Kay, the courtroom deputy.

24             MR. COPELAND:  Yes, ma'am.

25             COURTROOM DEPUTY:  This is not your time to speak

1    right now.  This is regarding all of the --

2              MR. COPELAND:  Well, I know, but I've got

3    questions about -- [inaudible].

4              COURTROOM DEPUTY:  Mr. Copeland, we have a number

5    of cases today.  When we get to your individual case, that

6    is when you and your attorney can speak on your behalf.

7              >> What is this?  Is this court?

8              MR. COPELAND:  Yeah.  Yeah.

9              COURTROOM DEPUTY:  Right now is not the time for

10   you to speak.

11             MR. COPELAND:  Yes, ma'am.

12             COURTROOM DEPUTY:  Just a minute, Your Honor.  We

13   have the Defendant for the 2:00.  Hold on, before you

14   proceed, Mr. Steiner, so that I can get everybody organized

15   here.

16        Sir, your are on the video, is that correct?

17             >> Yes.

18             COURTROOM DEPUTY:  Okay.  We are not quite ready

19   for you yet.  We are going to fit you in.  If you could mute

20   your microphone from the facility right now.  You can mute

21   so we don't hear the background noise.

22             MR. COPELAND:  I would think -- [inaudible] -- at

23   some point.  Will you take care of that, Ms. Marshal?

24             COURTROOM DEPUTY:  Mr. Stout or Ms. Shaner may have

25   left.

```
1              MR. STOUT:  She is still here.  This is Mr. Stout.

2              COURTROOM DEPUTY:  Okay.  Let me see?  Who was

3      just speaking?  Was that Mr. Copeland again or was that

4      somebody from --

5              MR. STOUT:  I believe that was --

6              COURTROOM DEPUTY:  Go ahead.

7              MR. STOUT:  I believe that was Mr. Copeland on the

8      phone again.

9              COURTROOM DEPUTY:  Okay.  We can't continue to have

10     this.

11             MR. COPELAND:  [Inaudible].

12             COURTROOM DEPUTY:  We are not going to get

13     anywhere.  We have a number of cases to handle.  Now, I can

14     put you in a breakout room but we can't have these

15     interruptions or we are not going to get through the

16     calendar today.

17             MR. STOUT:  I would ask that the Court mute

18     Mr. Copeland until his case is called, if that's okay.

19             COURTROOM DEPUTY:  Okay.  I will try to do that.

20             MR. COPELAND:  No! No! No! No! No! No! No! No!  I

21     will keep my mouth shut.  I promise.

22             COURTROOM DEPUTY:  All right.  You've had the

23     warning.  If you don't abide by that, I will mute you.

24             MR. COPELAND:  Yes, ma'am.

25             COURTROOM DEPUTY:  All right.  Thank you very
```

1    much.  Okay.  Mr. Steiner, you may proceed.

2              MR. STEINER:  Thank you, Ms. Kay.

3              So last condition I listed was that the Defendant

4    notify pre-trial services in advance of any travel within

5    the United States that is outside of their home federal

6    court jurisdiction.

7              Next, that the defendant travel outside of the

8    confines of the United States only after obtaining Court

9    approval; that the defendant participate in all future

10   proceedings as directed; that the Defendant not possess any

11   firearms, destructive devices or other dangerous weapons;

12   and, lastly, that the Defendant not commit any local, state

13   or federal crimes.  Again, those are the standard or

14   baseline conditions of release in all of these cases.

15             THE COURT:  Thank you, Mr. Steiner.

16             This is also something that is generally

17   applicable before we recall the individual cases.  Once I

18   set release conditions for Defendants, there will be an

19   order that reflects those conditions, which we will send to

20   your attorney; that will contain some warnings about what

21   the consequences are if you violate your release conditions,

22   and I am going to go over those right now as well.

23             MR. COPELAND:  Ma'am?

24             THE COURT:  Who is speaking?

25             MR. COPELAND:  I just want to ask a small question.

1    Is any of this negotiable?

2              THE COURT:  I think there are windows that I am not

3    seeing.  Is this Mr. Copeland?

4              MR. COPELAND:  Yes, ma'am.

5              THE COURT:  Mr. Copeland, when we call your

6    case --

7              MR. COPELAND:  Is any of this negotiable?

8              THE COURT:  Mr. Copeland --

9              MR. COPELAND:  I mean, I was -- [inaudible] -- man

10   until you guys locked me up.

11             THE COURT:  Mr. Copeland, you are going to be

12   muted if you do not stop speaking right now.

13             MR. COPELAND:  Yes, ma'am.

14             THE COURT:  We will call your case again after --

15   we are going over things in all of the cases.  Then we will

16   call your case.  The courtroom deputy will say United States

17   versus Copeland.  At that time, your lawyer -- at that time

18   I will hear what conditions the Government wants for you.  I

19   will hear your lawyer's arguments or any objections or

20   changes they have and then I will make a decision.  At this

21   time no decision has been made about what your conditions

22   will be.  I don't even know exactly what conditions the

23   Government will be asking for for you because we haven't

24   gotten there yet.  You will have an opportunity to be heard

25   on that, it's just not that time yet.

1        MR. COPELAND:  Yes, ma'am.  I will keep my mouth

2   shut.  [Inaudible]  I'm sorry.

3        THE COURT:  Thank you.

4        Now back to the general advisements.  If any

5   Defendant violates your release conditions that could lead

6   to serious consequences, including a warrant for your

7   arrest, your release could be revoked, you could be held in

8   custody while you wait for trial, you could also be in

9   contempt of court.  If you commit any crimes while on

10  release, that could lead to a warrant for your arrest.  You

11  could be held pending trial.  You could face release

12  revocation and also face a longer sentence for that crime

13  because you committed it while you were on release.  In

14  addition, if you fail to appear for court or virtually for

15  court hearings while you are on release, that could lead to

16  a bench warrant, the revocation of your release.  You could

17  be held pending trial and you could also face additional

18  charges for failure to appear.

19       When we are recalling the cases, after I set

20  release conditions for each Defendant, I will ask the

21  defense counsel what the next court date they are asking for

22  will be.  It will be helpful to me if defense counsel also

23  states what type of hearing it is, if it is a status

24  hearing, if it is a preliminary hearing, if your client has

25  waived the preliminary hearing or is waiving the right to

1    have that preliminary hearing within 21 days, that's all

2    information that I will need when we set the next court

3    date.  You should consult with Government counsel about the

4    date and hopefully you were able to do that before we started

5    this afternoon's hearings.

6         Mr. Steiner, before we start calling individual

7    cases, do you anticipate seeking a speedy trial exclusion

8    and if so on what basis?

9         MR. STEINER:  Yes, Your Honor.  The Government

10   will request in each of the cases today that time from today

11   until the next date that is set be excluded pursuant to the

12   Speedy Trial Act.

13        First -- [inaudible] -- 2110 tolled time through

14   August 31st, 2021.  In all cases that cannot be tried

15   consistent with health and safety limitations due to the

16   ongoing COVID-19 pandemic.

17        Second, the Defendants today are charged with what

18   is likely the largest criminal prosecution in American

19   history.  One involving hundreds of Defendants charged to

20   date, with enormous amounts of evidence.  And the evidence

21   that has been collected includes tens of thousands of hours

22   of video footage.  It includes tens of thousands of law

23   enforcement documents that have been generated since January

24   6th.  It includes terabytes of digital media.  The

25   Government is working every single day to review that

1    evidence to investigate it and to produce it to the

2    Defendants consistent with the Government's statutory and

3    Constitutional discovery allocations; that those are steps

4    and efforts that will take time.  Therefore the ends of

5    justice are served by tolling time will outweigh the best

6    interests of both the public and the Defendant in the speedy

7    trial.

8              THE COURT:  Thank you.  I will rule on the speedy

9    trial exclusions when we recall the individual cases.

10         And then could the pre-trial services officer just

11   state your appearance for the record?

12             PROBATION:  Shay Holman, pre-trial services, Your

13   Honor.

14             THE COURT:  Thank you, Ms. Holman.  Ms. Kay, are we

15   able to recall one of the cases before we take the detainers

16   that came in.

17             (REPORTER'S NOTE:  The following proceedings were

18   transcribed by Nancy J. Meyer, RDR, CRR.)

19             THE COURTROOM DEPUTY:  I'm sorry, Your Honor.  I was

20   unmuting myself and didn't hear the very last part of what you

21   said.  Are we able to take one of the recalled cases before --

22   what did you say?

23             THE COURT:  Before the -- the 2 o'clock one,

24   scheduled for 2:00.

25             THE COURTROOM DEPUTY:  We can actually -- I need to

1    check to make sure.  I know Mr. Wallace who presents Mr. Head

2    is on; is that correct, Mr. Wallace?  I think I saw your name

3    somewhere.

4              MR. WALLACE:  Yes, that's correct.  I'm here.

5              THE COURTROOM DEPUTY:  Okay.  Do we have government

6    counsel, either Ms. Gardner or Ms. Ravindra, on?

7              MR. STEINER:  Ms. Kay, I'm going to stand in for them

8    today.

9              THE COURTROOM DEPUTY:  Oh, okay, Mr. Steiner.

10             Yes, Your Honor, if you'd like me to call one of the --

11   recall one of the cases, I can do that, and you let me know

12   when you want me to fit in Mr. Head's case; okay?

13             THE COURT:  Okay.

14             THE COURTROOM DEPUTY:  All right.  Great.

15             THE COURT:  Thank you.  Let's take one of them.

16   Which would you propose to do first?

17             THE COURTROOM DEPUTY:  I'm going to start with

18   Mr. Tryon.

19             THE COURT:  Okay.

20             THE COURTROOM DEPUTY:  Okay.  Just one moment.

21             Recalling Magistrate Case No. 2021-320M, the

22   United States of America v. William Tryon.  Jacob Steiner

23   standing in for Anita Eve as government counsel.

24   Joel Abelove -- I just can't seem to say your name correctly,

25   sir.

1          MR. ABELOVE:  That's -- that's correct, ma'am.  Thank

2   you.

3          THE COURTROOM DEPUTY:  Oh, okay.

4      -- representing the defendant.  Shay Holman is the

5   pretrial services officer.  The defendant is participating by

6   video.  This is an initial appearance.

7          Mr. Tryon, would you please raise your right hand.

8          (Oath administered.)

9          THE DEFENDANT:  So help me God.

10          THE COURTROOM DEPUTY:  Thank you very much.

11          THE COURT:  Thank you.

12      Mr. Abelove, you're retained counsel; is that correct?

13          MR. ABELOVE:  Yes, Judge.  Thank you.

14          THE COURT:  And is your client present, and does he

15   agree to proceed by video?

16          MR. ABELOVE:  Yes, Your Honor, my client waives an

17   in-person appearance and consents to appear virtually for

18   purposes of this proceeding today.

19          THE COURT:  Thank you.

20      I'm -- I believe this case is still proceeding under

21   criminal complaint; is that correct, Mr. Steiner?

22          MR. STEINER:  That's my understanding as well,

23   Your Honor.

24          THE COURT:  Okay.  Is the government seeking

25   detention or any particular release conditions for Mr. Tryon?

1    MR. STEINER:  Your Honor, the government is not

2    seeking detention.  The government is requesting the standard

3    or baseline conditions of release that were listed in the joint

4    session today.

5    THE COURT:  Mr. Tryon's home jurisdiction is the

6    Northern District of New York?

7    MR. ABELOVE:  Yes, Judge.

8    THE COURT:  Okay.  Does the defense object to any of

9    the standard conditions as described by Mr. Steiner at the

10   beginning of this hearing?

11   MR. ABELOVE:  No, Your Honor.  He's currently under

12   those conditions as issued by the magistrate up here in the

13   Northern District.

14   THE COURT:  Okay.  Did you want me -- defense

15   counsel, did you need me to repeat or explain any of the

16   release conditions before we confirm them for your client?

17   MR. ABELOVE:  No, ma'am.  Thank you.

18   THE COURT:  Okay.  Did pretrial wish to be heard on

19   release conditions for Mr. Tryon?

20   THE PRETRIAL SERVICES OFFICER:  Yes, Your Honor.

21   Pretrial did not receive Rule 5 information from the Northern

22   District of New York.  So we're asking that he contact pretrial

23   in our office on Monday, May 10th to complete a pretrial

24   interview, and I will have that information listed in the

25   conditions of release with the contact phone number.

1        MR. ABELOVE:  Thank you.

2        THE COURT:  Okay.  Any objection to that request from

3   pretrial?

4        MR. ABELOVE:  No, Your Honor.  Thank you.

5        THE COURT:  Okay.  Thank you.

6     Any --

7        THE PRETRIAL SERVICES OFFICER:  Your Honor, I believe

8   you explained that this will be a courtesy supervision case?

9        THE COURT:  Yes.  That was covered in the beginning

10   by Mr. Steiner, I believe.

11        THE PRETRIAL SERVICES OFFICER:  Okay.  Yes.  I

12   apologize.  Thank you.

13        THE COURT:  No problem.

14     So after review of the record, I conclude that the

15   conditions recommended by the United States, which were listed

16   by Mr. Steiner at the outset of this hearing, include courtesy

17   supervision by pretrial services for the Northern District of

18   New York, as modified to -- as modified to include a

19   requirement that Mr. Tryon contact pretrial services of D.C. by

20   telephone for an interview or -- for his case, and I will

21   release him subject to those conditions pending trial.

22     Mr. Tryon, can you confirm that you heard and understood

23   the standard conditions, as well as this addition that you

24   contact pretrial for D.C.?

25        THE DEFENDANT:  Yes, I do.

1      THE COURT:  Okay.  Thank you.

2      Ms. Kay, could you please swear Mr. Tryon to his release

3  conditions.

4      THE COURTROOM DEPUTY:  Yes, Your Honor.

5      Mr. Tryon, would you please raise your right hand,

6  again.

7      (Oath administered.)

8      THE DEFENDANT:  So help me God, I do.

9      THE COURTROOM DEPUTY:  Thank you.

10      THE COURT:  Thank you.

11      And, Mr. Tryon, can you also confirm that you heard and

12  understood the warnings I gave at the beginning of this hearing

13  about consequences if you violate your release?

14      THE DEFENDANT:  Yes, I do.

15      THE COURT:  Okay.  Mr. Abelove, is there a next --

16  what date is the defense proposing for the next hearing date?

17      MR. ABELOVE:  Your Honor, the defense proposed to the

18  government counsel August 5th for a control date for a status

19  check.  That's based upon some conversations that I had --

20  previously had with his colleague, Ms. Eve, and her need to put

21  together some voluminous materials to get to the defense for

22  our consideration.

23      THE COURT:  And has your client either waived the

24  preliminary hearing, or are you waiving it now or waiving the

25  21-day deadline for it?

1     MR. ABELOVE:  We're prepared to waive the hearing

2   today, Judge.  Thank you.

3     THE COURT:  And Mr. Steiner indicated at the

4   beginning that he -- the government is generally seeking speedy

5   trial tolling until the next court date.  Is there any

6   objection to that tolling until the August 5th date in your

7   case?

8     MR. ABELOVE:  No objection, Judge.  Thank you very

9   much.

10    THE COURT:  Okay.  Mr. Steiner, you are seeking

11   speedy trial tolling in all of the cases until the next court

12   date; is that correct?

13    MR. STEINER:  That is correct, Your Honor.  We did

14   confer and are available on the August 5th date.

15    THE COURT:  Okay.  I guess I was going to ask who the

16   duty judge was in August, but that would be me.

17    Ms. Kay, is the 5th at 1:00 p.m., August 5th, looking

18   available?

19    THE COURTROOM DEPUTY:  Your Honor, let me check.

20   Just one moment.  August 5th is clear right now.

21    THE COURT:  Okay.  I'm setting the next hearing in

22   this case as a status hearing.  It'll be August 5th, 2021, at

23   1:00 p.m. before me.  At this time hearings are still virtual.

24   If that changes by August, we will reach out and -- given that

25   the defendant is in New York.  If -- if we -- we may have some

1  alternatives if -- if we are back in in-person hearings by that

2  time.

3          I will also exclude the time --

4          MR. ABELOVE:  I apologize, Judge.  Would you like me

5  to send the court my -- all my contact information, I presume,

6  to the email address that you gave out earlier?

7          THE COURT:  Yes.  Did you catch it?  Do you need me

8  to repeat it?

9          MR. ABELOVE:  I did.  No, ma'am, I got it.  Thank

10  you.

11          THE COURT:  Okay.  Okay.  Great.

12          DEFENDANT COPELAND:  Can you please repeat that email

13  address?

14          THE COURT:  I will also toll the time between today

15  and August 5th, 2021, from any calculation under the Speedy

16  Trial Act in Mr. Tryon's case.  I find this exclusion of time

17  best serves the ends of justice and outweighs the interest of

18  the public and Mr. Tryon in a speedy trial because it will

19  provide an opportunity for the government to provide discovery,

20  for the parties to engage in any discussions about the

21  materials that are being provided, and also in light of the

22  Chief Judge's tolling of the speedy trial clock due to the

23  coronavirus pandemic and the ensuing delays in scheduling

24  trials.

25          Were there any other issues in Mr. Tryon's case that the

1    defense or the government wanted to present to the Court?

2              MR. ABELOVE:  No.  Thank you, Your Honor.

3              DEFENDANT COPELAND:  (Inaudible).

4              MR. STEINER:  No, Your Honor.  Thank you.

5              THE COURT:  Okay.  Thank you.

6         That concludes Mr. Tryon's case.  Counsel and Mr. Tryon,

7    you may disconnect.  Your next court date is August 5th.  Thank

8    you.

9              MR. ABELOVE:  Thank you, Your Honor.  Everyone have a

10   good day.  Thank you.

11             THE COURT:  Thank you.  You too.

12             (The proceedings concluded at 2:15 p.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25

1                           CERTIFICATE

2              I do hereby certify that the foregoing is a true,

3     correct, and complete transcript of the audio-recorded

4     proceedings in this matter, audio recorded on May 6, 2021, and

5     transcribed from the audio recording to the best of my ability,

6     and that said transcript has been compared with the audio

7     recording.

8              Dated this 15th day of June, 2021.

9

10                          /s/ Nancy J. Meyer
                            Nancy J. Meyer, Official Court Reporter
11                          Registered Diplomate Reporter
                            Certified Realtime Reporter
12                          United States Courthouse, Room 6509
                            333 Constitution Avenue Northwest
13                          Washington, DC 20001
                            202-354-3118
14                          nancy_meyer@dcd.uscourts.gov

15

16

17

18

19

20

21

22

23

24

25